# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RONALD BREWER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:15-CV-437-RL-JEM |
| ) | |
| UNITED STATES STEEL ) | |
| CORPORATION d/b/a US STEEL, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to Defendant's Notice of Videotaped Evidentiary Deposition of Dr. Basel Al-Aswad [DE 45], filed by Plaintiff on November 17, 2017. In its filing, Plaintiff asks the Court to strike a deposition notice of November 8, 2017. Defendant filed a response on November 22, 2017, and Plaintiff filed another objection on November 28, 2017.

The Federal Rules of Civil Procedure require that any request for an order of the court be made in the form of a motion. Fed. R. Civ. P. 7. Motion practice in the Northern District of Indiana consists of motions, responses, and, replies; the rules do not contemplate the filing of "objections." N.D. Ind. L.R. 7. Moreover, in his prayer for relief, Plaintiff asks the Court to strike a document that was not filed with the Court, and which for that reason cannot be stricken. Because the document to which Plaintiff objects was a notice of deposition accompanied by a third-party subpoena duces tecum, the Court construes Plaintiff's filing as Motion to Quash the subpoena, and construes his November 28, 2017, filing as a reply in support of that Motion.

Plaintiff objects to the deposition because the deponent, Dr. Basel Al-Aswad, has already been deposed in this matter with counsel for all parties present. In its response, Defendant asserts that, notwithstanding the fact that Dr. Al-Aswad was already subject to a discovery deposition, Defendant now wishes to take an evidentiary deposition of Dr. Al-Aswad in anticipation of trial.

Discovery in this matter has not yet closed, and no trial date has been set.

Federal Rule of Civil Procedure 30(a)(2) provides that a party must seek leave of the court before taking the deposition of a person who has already been deposed in the case. Fed. R. Civ. P. 30(a)(2)(A)(ii). The rules do not provide for evidentiary depositions, sometimes known as "preservation depositions" or "depositions *de bene esse*," but some courts have allowed such depositions to occur after the close of discovery to preserve evidence when a witness is unavailable for trial. *Spangler v. Sears, Roebuck, and Co.,* 138 F.R.D. 122, 124-125 (S.D. Ind. 1991). Other courts have declined to distinguish between discovery and evidentiary depositions. *See Stuhlmacher v. Home Depot U.S.A., Inc.,* 2:10-CV-467-APR, 2014 WL 835382 (N.D. Ind. Mar. 4, 2014) (discussing cases). Defendant in its brief points to no case in which an evidentiary deposition took place during the discovery period. Indeed, Defendant's argument for an evidentiary deposition of Dr. Al-Aswad appear to be nothing more than a creative attempt to sidestep the strictures of Rule 30(a)(2). Further, Federal Rule of Civil Procedure 32 limits the use of deposition testimony at trial to specific circumstances, such as when the witness is unavailable for trial. In this case, a trial has yet to be scheduled and discovery is still ongoing. Therefore, even if some courts might in some circumstances allow for allow for evidentiary depositions, any such deposition would be premature at this stage of these proceedings.

Accordingly, the Court hereby **GRANTS in part** the Motion contained with the Objection to Defendant's Notice of Videotaped Evidentiary Deposition of Dr. Basel Al-Aswad [DE 45], **QUASHES** the subpoena issued by Travelers Staff Counsel to Dr. Al-Aswad dated November 8, 2017, and **ORDERS** that any responses to the subpoena that have been received by Defendant as a result of that subpoena are barred from use in this litigation. The Court **DENIES** the Motion to the

extent that it requests that a document not on file with the Court be stricken.

Furthermore, in its response, Defendant requests that the Court award its fees and costs associated with responding to what it characterizes as Plaintiff's "frivolous" Motion. Because the Court finds that Plaintiff's Motion, though incorrectly filed, has merit and was not frivolous, the Court **DENIES** Defendant's request for fees and costs. *See ChampionsWorld LLC v. U.S. Soccer Federation,* 276 F.R.D. 577, 581, 587 (N.D. Ill. 2011).

SO ORDERED this 21st day of December, 2017.

                                             s/ John E. Martin
                                             MAGISTRATE JUDGE JOHN E. MARTIN
                                             UNITED STATES DISTRICT COURT

cc:      All counsel of record